[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an article that was published by the defendant, The Day Publishing Company concerning the plaintiff, Karen Conway Zupnik, and her husband. On May 9, 1993, the defendant published and circulated an article concerning a lawsuit, filed a few days before, in the Superior Court of New London. The lawsuit, which was brought by one Nancy Brautigam of Lisbon, Connecticut, named the husband of the plaintiff, Dr. James S. Zupnik, as a defendant in the first five counts for matters totally unconnected with the plaintiff. The article contained a statement that read "The 18 page lawsuit filed in New London Superior Court accused Karen Conway Zupnik of defrauding her husband's creditors by helping him transfer 5 pieces of property into her name."
On May 8, 1995, the plaintiff filed a two count complaint against the defendant, The Day Publishing Company, a newspaper having its principal place of business in New London, Connecticut. In count one, which sounds in libel, the plaintiff alleges that the defendant's publication of the false and defamatory statement about her has been a source of great embarrassment and humiliation to the plaintiff. The plaintiff claims that the alleged defamatory statement has caused her to suffer mental anguish, and her reputation for honesty and integrity has been impaired. CT Page 2280
In count two, which sounds in false light invasion of privacy, the plaintiff alleges that the defendant's printing, publication and circulation of the article was an invasion of the privacy of the plaintiff by placing her in a false light before the public as a person who would defraud her husband's creditors by helping him transfer five pieces of property into her name. The plaintiff claims that the defendant's publication has caused her to suffer mental distress and anguish.
On August 10, 1995, the defendant filed a motion for summary judgment as to both counts of the plaintiff's complaint. As to count one, the defendant asserts that summary judgment should enter in its favor on the grounds that: (1) the accurate republication of a privileged public document is protected by thefirst amendment to the United States constitution; (2) the article is not libelous as it is true; and (3) the publication is privileged as it is reporting a public judicial proceeding. As to count two, the defendant asserts that summary judgment should enter on the grounds that : (1) a claim of false light invasion of privacy cannot succeed in a case such as this in that the article reporting on the allegations of the public pleading document is accurate; and (2) the information published in the subject article was already a matter of public record and as such, the article cannot form the basis of a false light invasion of privacy cause of action. In accordance with Practice Book § 380, the defendant submitted a memorandum of law and two exhibits in support of its motion for summary judgment.
On September 27, 1995, the plaintiff submitted a memorandum of law and an affidavit in opposition to the defendant's motion.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530,620 A.2d 99 (1993). "[A] party seeking summary judgment has the burden of showing the nonexistence of any material fact." Id. However, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the CT Page 2281 nonmoving party." Scinto v. Stamm, supra, 224 Conn. 530. "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted.) Connell v. Colwell,214 Conn. 242, 247, 571 A.2d 116 (1990).
Count I — Libel
Libel has been defined in Connecticut as "a false and malicious publication of a person which exposes him to public ridicule, hatred or contempt or hinders virtuous men from associating with him." (Citations omitted.) Terry v. Hubbell,22 Conn. Sup. 248, 255, 167 A.2d 919 (1960). When a libel is expressed in clear and unambiguous terms, the question whether it is libelous per se is one of law for the court. Proto v.Bridgeport Herald Corporation, 136 Conn. 557, 565, 72 A.2d 820
(1950). Additionally, if the alleged defamatory words could not be considered defamatory in any sense, the matter becomes an issue of law for the court. Charles Parker Co. v. Silver CityCrystal Co., 142 Conn. 605, 612, 116 A.2d 440 (1955). "Whether a published article is libelous per se must be determined upon the face of the article itself. The statements contained therein, taking them in the sense in which common and reasonable minds would understand them, are determinative and may not for this purpose be varied or enlarged by innuendo." Proto v. BridgeportHerald Corporation, supra, 136 Conn. 565.
Defenses and Privilege
"Before a party will be held liable for libel, there must be an unprivileged publication of a false and defamatory statement."Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316,477 A.2d 1005 (1989). In an action for libel in Connecticut, publications of a plaintiff's name is conditionally privileged if made by the news media in a matter of public interest, without malice. See Bleich v. Ortiz, 196 Conn. 498,501, 493 A.2d 236 (1985).
For defamation purposes "malice" includes any improper or unjustifiable motive. It does not require proof of spite or ill will. Bleich v. Ortiz, supra, 196 Conn. 504. Actual malice is shown where the defendant utters a defamatory statement with knowledge that it is false or with a reckless disregard of the truth or falsity of the fact stated. Moriarty v. Lippe, 162 Conn. 371,387, 294 A.2d 326 (1972). CT Page 2282
In its memorandum in support of its motion for summary judgment, the defendant argues that because the information about which the plaintiff complains "was disclosed in public court documents open to inspection, the press cannot be sanctioned for publishing it." (Memorandum of law in support of Defendant's Motion for Summary Judgment, p. 8.) The defendant further argues that the plaintiff cannot establish a prima facie case of libel because the subject article published by the defendant fairly, accurately and truthfully reports on the contents and allegations of the Brautigam v. Zupnik complaint filed on April 12, 1993.
In response, the plaintiff argues that "it seems clear that the underlying facts surrounding the alleged defamatory words were false." (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 5.) The plaintiff further argues that under the circumstances in this case, the trier of fact must determine whether there was malice in fact in the publication. In her affidavit, the plaintiff attests the following:
 The statement in the Brautigam complaint that the [five] conveyances were in violation of the statute P.A. 91-297 as fraudulent conveyances, is not true, because the said statute did not exist at the period of time the conveyances were made.
 Brenda Brautigam alleges in her complaint that the defendant James S. Zupnik, M.D. became indebted to her after the said conveyances.
(Emphasis in original.) (Affidavit of plaintiff Zupnik.)
The defendant did not submit a counter affidavit to contest the apparent inaccuracy and untruthfulness of its article about the plaintiff's alleged fraudulent conveyances.
As the plaintiff points out in her memorandum in opposition to the motion for summary judgment, "[h]ad the newspaper properly investigated and researched, and published the judicial proceedings in a thorough manner and with intent only to inform the public, surely those dates and citations would have been included, and would have shown that the conveyances did not in fact fall under the requirements for fraudulent conveyances under the statute, P.A. 91-297." (Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, p. 6.) The plaintiff further argues that the public CT Page 2283 would then have been able to observe the disparity of the dates and note that the alleged acts of fraudulent transfer took place long before the date that Brautigam began treating with the doctor and long before passage of the referred to statute. Id.
As such, the defendant's motion for summary judgment on the ground that the plaintiff cannot establish a prima facia case of libel is denied.
Qualified Privilege
Next, the defendant argues that as a newspaper it has a qualified privilege under which it might report to the public what takes place in judicial, legislative and other proceedings. The defendant further argues that under Connecticut law, once privilege is found to exist, it is limited only where improper purpose or motive is shown. As a newspaper, the defendant argues that it has a duty to make a statement of facts honestly believed to be true. Additionally, the defendant argues that it has a duty to make an honest comment on these facts. The defendant argues that it has properly discharged this duty by accurately conveying the contents of the public documents in its article.
In response, the plaintiff argues that a trier of fact must have the opportunity to determine whether the defendant has proven all of the elements of a qualifiedly privileged communication. The plaintiff argues that there have been no depositions, no interrogatories or other discovery procedures at this time. The plaintiff further argues that she should be able to explore, and the trier of fact should be able to make the determination of the motive of the defendant in the publication. Finally, the plaintiff argues that the question of defendant's intent or motive is a matter of fact for the jury.
"For the defense of conditional privilege to attach, a defendant must assert an objective interest sufficiently compelling to warrant protection of an otherwise defamatory communication." Id. "A qualified or conditional privilege arises out of an `occasion,' such as, when one acts in the bona fide discharge of a public or private duty." (Citations omitted.) Miles v. Perry, 11 Conn. App. 584, 594 n. 8,529 A.2d 199 (1987). Despite the assertion of such an interest, CT Page 2284 a conditional or qualified privilege is defeated if the defendant acts with malice, or if the scope or manner of publication exceeds what is reasonably necessary to further the interest. Bleich v. Ortiz, supra, 196 Conn. 504.
"Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine, but whether the privilege is nevertheless defeated through its abuse is a question of fact to be decided by the jury." Id., 501.
Against this background, a question of fact exists as to whether the defendant's publication of the article was accompanied by malice, improper motive, or bad faith. Whether the defendant acted with malice, improper motive, or bad faith is a question for the jury. If the answer to any of these questions is affirmative, then the defendant loses its qualified privilege. Since the defendant has not submitted any documents in the form of depositions, affidavits or the like to show that it acted in good faith, this court cannot determine as a matter of law that a qualified privilege applies to the facts of the present case. Since a question of fact exists as to the defendant's intent or motive in publishing the subject article, the defendant's motion for summary judgment is inappropriate. See Batick v. Seymour,186 Conn. 632, 646-47, 443 A.2d 471 (1982) (summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions). Accordingly, the defendant's motion for summary judgment as to count one is denied.
Count II — False Light Invasion of Privacy
In its memorandum of law in support of its motion for summary judgment, the defendant argues that summary judgment should enter in its favor as to count two because the plaintiff is unable to make out a prima facie case for false light invasion of privacy. The defendant argues that truth is a defense to a false light invasion of privacy claim. Finally, the defendant argues that the information published in its newspaper was already a matter of public record. As such, the defendant argues that the article cannot form the basis of a claim sounding in false light invasion of privacy. CT Page 2285
In response, the plaintiff argues that "[t]he same arguments mitigating against summary judgment as to plaintiff's libel count apply equally, or more so, to the count of invasion of privacy." (Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment, p. 11.) The plaintiff further argues that the same standard for finding negligence in failing to make an adequate investigation of facts permits an inference of malice in fact and provides the basis for liability in libel cases.
Connecticut has recognized a tort cause of action for invasion of privacy. Venturi v. Savitt Inc., 191 Conn. 588,468 A.2d 933 (1983). "The law of privacy developed not as a single tort, but as a complex of `four distinct kinds of invasion of four different interests of the plaintiff, which are tied together by the common name, but otherwise have almost nothing in common except that each represents an interference with the right of the plaintiff `to be let alone." [Goodrich v. Waterbury Republican — American Inc.,188 Conn. 107, 127-28, 448 A.2d 1317 (1982)], citing Prosser, Torts (4th ed. 1971) 117, p. 804. The four categories of invasion of privacy are set forth in the 3 Restatement (Second) of Torts, [Section] 652A as follows: [Section] 652B — unreasonable intrusion upon the seclusion of another; [Section] 652C — appropriation of the other's name or likeness; [Section] 652D — unreasonable publicity given to the other's private life; and [Section] 652E — publicity that unreasonably places the other in a false light before the public."
In count two of her complaint, the plaintiff sets forth a cause of action against the defendant for false light invasion of privacy.
In order to establish invasion of privacy by false light, the plaintiff must show "(a) a false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." 3 Restatement (Second). Torts 652E.
The plaintiff has attested that the light in which she was placed was false. See Affidavit of Plaintiff. The plaintiff has further attested that the light in which she was CT Page 2286 placed was highly offensive to an ordinary person, and that the defendant acted in reckless disregard as to the falsity of the published material because the defendant did not contact her to determine the veracity of the allegations against the plaintiff. Id. Furthermore, the plaintiff has shown that the conveyances from her husband occurred before the enactment of P.A. 91-297.[1] The defendant has not offered any evidence to counter these assertions. As such, a genuine issue of material fact exists. Accordingly, the Defendant's Motion for Summary Judgment as to count two is denied.
HENNESSEY, J.